UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George N.S. Jones, Sr., M.S., *also known as George S. Jones, Sr.*, <br><br> Plaintiff, <br><br> v. <br><br> Warden Ms. Reynolds; Associate Warden Davis; Warden Sharp; All State Officials of South Carolina Department of Corrections, <br><br> Defendants. | ) C/A No. 9:15-486-MGL-BM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

The Plaintiff, George N. S. Jones, Sr., M.S., also known as George S. Jones, Sr., proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Broad River Correctional Institution (BRCI), part of the South Carolina Department of Corrections (SCDC).

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449



U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 679-679 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

In his rambling Complaint, Plaintiff appears to complain of incidents that occurred at the Lee Correctional Institution[1] of SCDC. Plaintiff states that he was "sprayed upon" after asking Officers C/O Canty and Sgt. Hatifield[2] to get his ID badge (or ask Lt. Miles to do so) from inmate

---

[1] It is somewhat unclear where the alleged incidents occurred, as Plaintiff does not designate this in the body of his Complaint. He writes that his present place of confinement is "McCormick Correction Institution," but then lists his address as "Broad River Road" and uses an address for BRCI on the envelopes used to mail pleadings to the Court. However, he lists Lee Correctional Institution addresses for Defendants Reynolds, Davis, and Sharp. See Complaint, ECF No. 1 at 2.

[2] Plaintiff has not asserted that any of the Defendants named in the caption of his Complaint were the ones who allegedly "sprayed" him. In the caption of his Complaint, Plaintiff lists only Defendants Reynolds, Davis, Sharp and an entity named "all State Officials of South Carolina Department of Corrections." Although Plaintiff names additional defendants on the second page of his Complaint (ECF No. 1 at 2), he did not include any of these persons in the caption of his case and did not submit any service documents for them. Further, despite being directed, in an Order dated February 12, 2015, to provide a summons form listing all Defendants (Plaintiff only provided incomplete summons forms for Defendants Reynolds and Davis) and Forms USM-285 for each Defendant, Plaintiff failed to do so. Plaintiff previously filed an action, which is currently pending (although Plaintiff to date has not brought that action into proper form) against Hatifield and Canty, alleging that Canty refused Plaintiff's request to get his ID badge back from inmate Burns and that Hatifield sprayed Plaintiff with mace after Plaintiff grabbed Burns' shirt collar. See Jones v. Lee (continued...)

2

Allen Barns (Burns) who allegedly took Plaintiff's badge off Plaintiff's shirt collar, but they refused Plaintiff's request. He states he saw and spoke to Defendant Associate Warden Davis while he (Plaintiff) was in a holding cell, Davis went to the next cell and let Barns (Burns) out of the cell, and Davis never came back to speak with Plaintiff or Associate Warden Sharp. ECF No. 1 at 3.

Plaintiff next alleges that in the cafeteria sometime from September 3 to October 3, inmate Arthur Mcquillar threatened to throw a tray of food in C/O Williams' face, Captain Williams had to calm inmate Mcquillar down, C/O Williams wrote up inmate Mcquillar, and when the case got to the disciplinary hearing officer it was thrown out by orders of Warden Davis. Plaintiff alleges that his (Plaintiff's) case was "Discriminated, Prejudiced and Neglected of Duty." ECF No. 1 at 3.

Finally, Plaintiff claims that a group of inmates distracted "Mr. Kinard" on December 7, 2014, which led to an unidentified incident on December 20, 2014 by Corey Fields and Derrick George who allegedly "lied on the [] computer" by inputting "different dates stating that [Plaintiff wanted to kill himself and the] only way that could have been done is by someone [who] had access to main computer internet and that had to be done by the Warden or Associate Warden Davis or Associate Warden Sharp." ECF No. 1 at 4. In response to a question on the Complaint form asking what issues Plaintiff was attempting to litigate in this case, Plaintiff responded "same as this case adverse actions connection causal of officers & inmates." ECF No. 1 at 2.

The Complaint is subject to summary dismissal because Plaintiff failed to exhaust his administrative remedies as to the actions alleged in his Complaint. Before a prisoner can proceed

---

²(...continued)
County Correctional Inst., No. 9:14-cv-04761-MGL-BM (D.S.C.). A federal court may take judicial notice of the contents of its own records. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).



3

with a lawsuit in federal court concerning conditions of confinement, he must first exhaust his administrative remedies as required by the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review, which means "'using all steps that the agency holds out, and doing so properly.'" Woodford v. Ngo, 548 U.S. 81 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). Further, while a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity; id. at 216; if the lack of exhaustion is apparent on the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is appropriate. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Here, a plain reading of the Complaint shows that Plaintiff did not properly exhaust his available administrative remedies prior to filing this action. Plaintiff stated that he filed a grievance, but it was returned "unprocessed." ECF No. 1 at 2. He provides no dates of when the



4

alleged grievance was filed (other than stating "all of the years(3)") or returned to him. Only after completing both Steps 1 and 2 of the SCDC grievance policy has an inmate properly exhausted his claims under § 1983. See Malik v. Ward, No. 8:08-1886-RBH-BHH, 2010 WL 1010023, at *6 (D.S.C. Feb. 4, 2010). Because it did not appear that Plaintiff had exhausted his administrative remedies, special interrogatories were sent to Plaintiff, and he filed a response on February 24, 2015, in which he merely reiterated that he filed a Step 1 grievance, he received no response, and the grievance was returned with the statement "no process." See ECF Nos. 8-1, 10.

Further, the last of the incidents of which Plaintiff complains allegedly occurred on December 20, 2014, and Plaintiff signed his Complaint on January 26, 2015, such that it appears that Plaintiff failed to wait the requisite period of time with respect to any grievance in order to exhaust his administrative remedies before filing this lawsuit. See Graham v. Perez, 121 F.Supp.2d 317, 322 (S.D.N.Y. 2000) [Where a prisoner files a grievance but fails to afford prison officials adequate time to respond before filing his complaint, the prisoner has failed to exhaust his available administrative remedies]; see also Jones v. Kay, No. 07–3480, 2007 WL 4292416, at * 5 (D.S.C. Dec.5, 2007) ["An SCDC inmate must wait approximately 114 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court"].

In addition, even if Plaintiff could show that he exhausted his available administrative remedies prior to filing this action, this Complaint would still be subject to dismissal because Plaintiff fails to state a claim against the named Defendants. First, Plaintiff is apparently alleging that Warden Davis discriminated against him because another inmate's disciplinary case (the other inmate who allegedly threatened to throw a tray of food into the face of a correctional officer) was dismissed, but Plaintiff's disciplinary case was not dismissed. ECF No. 1 at 3. An equal protection

5

claim arises when, without adequate justification, similarly-situated persons are treated differently by a governmental entity. U.S. Const. amend XIV. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, (4th Cir. 2001). When the distinction is based on a "suspect classification" or effects the denial of a fundamental right, the constitutional scrutiny sharpens in focus to determine whether the "classification has been precisely tailored to serve a compelling governmental interest." See Plyler v. Doe, 457 U.S. 202, 216-17 (1982). However, when a plaintiff is not a member of a suspect class, he must prove that the distinction between himself and other inmates was not reasonably related to some legitimate penological purpose. See Turner v. Safley, 482 U.S. 78, 89 (1987).

Here, Plaintiff has not asserted that he is a member of a protected class. Further, he fails to allege that he and the other inmate were similarly situated,[3] or that Defendant Davis's decision to dismiss the other inmate's (but not Plaintiff's case) disciplinary case was not reasonably related to some legitimate penological purpose. Additionally, allegations which merely indicate disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, are insufficient to show discriminatory intent. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987). Plaintiff's only other references to the named Defendants is that he spoke to Defendant Davis and that Defendant Davis and Defendant Sharp never came back to speak with him, and that there was false information in the computer stating that

---

[3]Plaintiff has not even identified the disciplinary proceeding to which he was subjected.

6

Plaintiff wanted to kill himself and that Plaintiff thinks that the only persons who could have put the information there were Defendants Reynolds, Davis, or Sharp.[4]

Plaintiff's claims fail to allege sufficient facts to state a constitutional or other federal claim, as his remaining allegations are so generally incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or "gibberish," that it is unclear what is to be made of them. See Hagans v. Lavine, 415 U.S. 528, 536-537 (1974) [Noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"]; see also Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2nd Cir. 1998); Adams v. Rice, 40 F.3d 72 (4th Cir. 1994)[Affirming dismissal of plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face]. Plaintiff generally fails to include sufficiently clear factual allegations against any of the named Defendants of any personal responsibility or personal wrongdoing in connection with the alleged violations of any of Plaintiff's constitutionally protected rights. Thus, Plaintiff's Complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "a short and plain statement" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against each defendant. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is

---

[4]Plaintiff has also named "all State Officials of South Carolina Department of Corrections" as a Defendant. However, this entity is subject to summary dismissal because a group of people at SCDC is not a person subject to suit under § 1983. See Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) [finding that the medical department of a prison is not a person pursuant to § 1983]; Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10–2988–JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) [finding that a building, detention center, is not amenable to suit under § 1983 and that Food Service Supervisors was a group of people not subject to suit].



7

entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"].

In order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. See Karafiat v. O'Mally, 54 F. App'x 192, 195 (6th Cir. 2002); Curtis v. Ozmint, C/A No. 3:10-3053-CMC-JRM, 2011 WL 635302 at *4 n. 5 (D.S.C. Jan. 5, 2011), adopted by, 2011 WL 601259 (D.S.C. Feb. 11, 2011); Whaley v. Hatcher, No. 1:08CV 125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr.18, 2008). Additionally, a § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). In the absence of substantive allegations of wrongdoing against a defendant, there is nothing from which the court can liberally construe a viable cause of action arising from a complaint, and it is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for prisoners or pro se litigants. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d at 1151.

Finally, Plaintiff's complaint also suffers from other infirmities. Plaintiff appears to allege claims concerning the handling of the actions of other inmates by SCDC employees. However, to the extent that Plaintiff is attempting to assert claims on behalf of other inmates, such claims must be dismissed. See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)[a district court, when determining whether a plaintiff has standing

8

to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant]; Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)[a prisoner cannot act as a "knight-errant" for others]. Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)[a pro se prisoner cannot be an advocate for others in a class action].

Additionally, this action is subject to summary dismissal because Plaintiff fails to request any relief. He left the "Relief" section of his Complaint form (ECF No. 1 at 5) blank and did not specify what relief he is requesting in the body of his Complaint. Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion, and such action is barred by Article III of the Constitution. Preiser v. Newkirk, 422 U.S. 395, 401 (1975); see also Norvell v. Sangre de Cristo Dev. Co., 519 F.2d 370, 375 (10th Cir. 1975) [federal courts do not render advisory opinions].

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

June 30, 2015
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).